*25 OPINION
BY THE COURT:
It is clear that the Industrial Commission denied the plaintiff compensation' on a jurisdictional ground, both originally and on his application for a rehearing. The specific ground was that he had not sustained an injury in the course of, and arising out of, his employment. In the order on the original hearing there was a direction that the compensation and medical fees theretofore paid should be returned to the fund, which would be justified only on the finding of no injury in the course of and arising out of the employment, and this would be, true even though no disability whatever resulted from the injury.
In the order on the application for a rehearing there was an acknowledgment of disability and the denial of compensation was based on the finding that the disability did not result from any injury in the course, and arising out of, the employment.
Two juries have found that there was an injury in the course, and arising out, of, the employment, resulting from heat exhaustion. The evidence is conflicting on that subject, and we cannot say the verdict is manifestly against the weight of the evidence.
It is claimed that the evidence 'shows that the effects of heat exhaustion other than the loss of 'voice, disappeared in less than a week (the waiting period prescribed in §1463-78 GC) and that a loss of voice did not interfere with the plaintiff’s work as a manual laborer, and, therefore, that he is not entitled to any compensation, and, for, that reason, the judgment should be reversed.
The difficulty with the appellant’s position is that the Industrial Commission did not deny compensation on that ground. It refused to consider the extent of the disability or to recognize any right, and that is the ground for this appeal, authorized by §1465-90 GC.
Where an injury occurs in the course, and arising out,- of the employment the law requires the Industrial Commission to investigate and determine the extent of the disability resulting from such injury, and no other tribunal has any jurisdiction to investigate and determine that issue. If the Industrial Commission refuses to determine that issue an appeal lies to the common pleas court to determine whether it was justified in that refusal and if the court finds that it was not justified, the proceeding is remanded to the Commission to exercise its exclusive jurisdiction to determine the extent of the disability.
Finding no prejudicial error in the record, the judgment is affirmed.
MATTHEWS, PJ., & ROSS, J., concur.
HAMILTON, J., not participating.